**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN ROBERT DEMOS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 08-4122 (FLW) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

    JOHN R. DEMOS, #287455, Plaintiff pro se
    Stafford Creek Corrections Center
    191 Constantine Way
    Aberdeen, WA 98520

**WOLFSON**, District Judge

Plaintiff John Robert Demos, an inmate who is confined at Stafford Creek Corrections Center, Aberdeen, Washington, seeks to bring this action in forma pauperis, pursuant to 28 U.S.C. § 1915.  The Court will deny the application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), and direct the Clerk to close the file, without prejudice to Plaintiff's filing a paid complaint.

## BACKGROUND

Plaintiff alleges that he never consented to United States citizenship, and is an "alien" from Africa because his ancestors were brought over against their wills as slaves.  As such, he

argues, his rights under the Vienna Convention on Consular and Diplomatic Relations was violated because he did not have a chance to consult with the embassy after his arrest.  He alleges a breach of contract.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), prohibits a prisoner from bringing a civil action in forma pauperis without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

This Court's docket shows that Plaintiff filed at least three prior actions, while he was incarcerated, that were dismissed as frivolous or for failure to state a claim.  See e.g., Demos v. Ryan, Civil. No. 00-921 order (D.N.J. Sept. 18, 2000) (failure to state a claim); Demos v. Warner-Lambert Co., Civil No. 94-5309 order (D.N.J. Aug. 28, 1995) (failure to state a claim);  Demos v. Doe, Civil No. 94-4780 order (D.N.J. Sept. 30, 1994) (frivolous).  Thus, Plaintiff may not bring this complaint without prepayment of the filing fee unless, at the

time he filed the complaint, he was under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*).  Allegations of imminent danger must be construed liberally in his favor.  See Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998).

Even when liberally construed, Plaintiff's allegations do not indicate that he is in imminent danger of serious physical injury within the meaning of § 1915(g).  The Court will therefore deny his application to file the complaint in forma pauperis and direct the Clerk to close the file, without prejudice to Plaintiff's filing a paid complaint.

## CONCLUSION

The Court denies Plaintiff's application to file the complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and directs the Clerk to close the file, without prejudice to Plaintiff's filing a paid complaint.

    s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: October 2, 2008

3